## CINCINNATI (city) et v SHAFFER

Ohio Appeals, 1st Dist, Hamilton Co

Decided July 3, 1933

John D. Ellis, City Solicitor, Cincinnati, and Edgar B. Traver, Cincinnati, for plaintiffs in error.

Cobb, Howard & Bailey, Cincinnati, and C. M. Price, Cincinnati, for defendant in error.

## OPINION

By ROSS, J.

Sec 3818, GC, provides as follows: "A notice of the passage of such resolution shall be served by the clerk of council, or an assistant, upon the owner of each piece of property to be assessed, in the manner provided by law for the service of summons in civil actions. If any such owners or persons are not residents of the county, or if it appears by the return in any case of the notice, that such owner can not be found, the notice shall be published at least twice in a newspaper of general circulation within the corporation. Whether by service or publication, such notice shall be completed at least twenty days before the improvement is made or the assessment levied, and the return of the officer or person serving the notice, or a certified copy of the return shall be prima facie evidence of the service of the notice as herein required."

It was evidently the conclusion of the court, from the language quoted in both briefs, that the effect of the language used in the statute was merely to put upon the city the additional burden of including resident owners not found, in the publication applying to nonresidents, and that service must be made upon residents either personally or at their residence.

We cannot agree with this conclusion. The language is plainly in the alternative: "Or if it appears * * * that such owner can not be found."

We agree with the trial court that, if such language is to justify a perfunctory search merely, then such a service would be the taking of property without due process of law, and the section would be unconstitutional. However, if the evidence shows an exhaustive and unfruitful search for the residence of a resident owner, the application of the alternative clause in the statute may properly and lawfully apply.

The plaintiff was not given an opportunity to show the facts which, if proved, would clearly have justified, and even required, the court to find that a proper search had not been made. If the return of the notice server is to be taken as conclusive, when it may have been based upon a casual effort to find the residence of the resident owner, then again we would be compelled to say that the statute was unconstitutional for the reasons given before.

We are required to give such construction to the language used in the statute as will render it constitutional, if possible.

We conclude, therefore, that the language implies that the return must have been based upon an actual bona fide and completely exhaustive search; such as was not made in the instant case.

In the absence of the evidence offered, we cannot affirm the judgment of the Court of Common Pleas, and must reverse the same, remanding the case for a new trial, in which the evidence tendered can be presented.

Judgment reversed and cause remanded.

HAMILTON, PJ, and CUSHING, J, concur.